**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICKIE J. SOTO,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JO ANNE B. BARNHART, COMMISSIONER<br>OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　Defendant. | NO. ED CV 05-258-E<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

　　　　Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

　　　　Plaintiff filed a complaint on April 4, 2005, seeking review of the Commissioner's denial of benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on May 9, 2005.  Plaintiff filed a motion for summary judgment on

September 15, 2005.  Defendant filed a cross-motion for summary judgment on October 17, 2005.  The Court has taken both motions under submission without oral argument.  <u>See</u> L.R. 7-15; "Order," filed April 8, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff initially filed an application for disability benefits in 1998, asserting disability based primarily on alleged left knee pain and left shoulder pain (Administrative Record ("A.R.") 122-25).  In a September 20, 1999 decision, the Administrative Law Judge ("ALJ") found that Plaintiff suffered from a status-post fracture of the left humerus with left shoulder pain, dislocations of the left patella with pain, borderline intellectual functioning, and depression, but Plaintiff still could perform a significant number of jobs in the national economy (A.R. 90-95).

In June 2002, Plaintiff filed the present application for disability benefits (A.R. 310-12).  In the present application, Plaintiff asserts disability based on various alleged mental and physical impairments (A.R. 316).  The ALJ found that Plaintiff suffers from "depressive disorder," "borderline intellectual functioning," "personality disorder," a "history of substance abuse and possible dependence, in remission," "chronic dislocation of the left patella," a "healed fracture of the left shoulder," and "hepatitis C infection" (A.R. 13).  The ALJ further found, however, that Plaintiff retains the ability to perform a limited range of light work, and can perform significant numbers of jobs in the

2

national economy (A.R. 16-18). The ALJ thus found Plaintiff not disabled (A.R. 18). The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

**I.     The ALJ Failed to State Sufficient Reasons for Rejecting Plaintiff's Testimony Regarding the Severity of Her Pain.**

An ALJ must consider a claimant's testimony regarding pain where "the pain is <u>associated</u> with a clinically demonstrated impairment . . .". Howard v. Heckler, 782 F.2d 1484, 1488 n.4 (9th Cir. 1986); see Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988). As the ALJ acknowledged, Plaintiff suffers from chronic dislocation of the left patella and a healed fracture of the left shoulder, clinically demonstrated impairments with which some pain is associated (A.R. 13).

When the ALJ determines that a claimant's testimony regarding the severity of her impairments is not credible, the ALJ must make "specific, cogent" findings, supported in the record, to justify the

ALJ's determination. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1]

Plaintiff testified to pain of disabling severity (A.R. 44, 59-74). The ALJ concluded that Plaintiff's subjective complaints "are credible only to the extent they [are] consistent with [the] residual functional capacity" findings in the ALJ's decision (A.R. 15). The ALJ provided no explanation, however, for why Plaintiff's allegations of disabling pain were not credited, other than (arguably) the asserted failure of the medical evidence fully to corroborate the extent of Plaintiff's alleged limitations. Accordingly, the ALJ failed to state legally sufficient reasons for rejecting Plaintiff's pain testimony. See Varney v. Secretary, 846 F.2d 581, 584 (1988); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

**II.  The ALJ Erroneously Failed to Address the Lay Witness Evidence Presented by Plaintiff.**

Plaintiff argues the ALJ improperly ignored the lay witness "testimony" of Plaintiff's friends, Justin Welsh and David Brooks. In a Daily Activities Questionnaire signed on August 31, 1998,

---

[1] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

4

Mr. Welsh provided his observations regarding the alleged effect of Plaintiff's impairments on Plaintiff's daily activities (A.R. 144-49). Similarly, in a Daily Activities Questionnaire signed on July 9, 2002, Mr. Brooks provided his observations regarding the alleged difficulties Plaintiff faces as a result of her impairments (A.R. 330-35). Although the statements of Mr. Welsh and Mr. Brooks are consistent with Plaintiff's testimony regarding her excess pain and limitations, the ALJ's decision does not mention either of these individuals' potentially corroborative statements (A.R. 11-18).

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported observations of the claimant. See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999). "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 CFR § 404.1513(e)(2) ("[o]bservations by non-medical sources" "may also help us to understand how your impairment affects your ability to work"). "[T]he ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); accord Polny v. Bowen, 864 F.2d 661, 664 (9th Cir. 1988); Smith v. Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses. The standards discussed in these authorities, however, would appear equally applicable to the written

5

statements submitted in this case.  Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations). Therefore, the Court concludes that the ALJ erred in failing to discuss the statements of Mr. Welsh and Mr. Brooks.[2]

**III.   Remain is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d

///
///
///
///
///
///

871, 876 (9th Cir. 2003) (remand is an option where the ALJ failed to

---

[2] Defendant's suggestion of possible reasons to discount the statements of Mr. Welsh and Mr. Brooks cannot alter this Court's analysis. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"). The Court is unable to conclude that the errors were harmless.

state sufficient reasons for rejecting a claimant's testimony).[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 2, 2005.

```
               _____/S/_____
                         CHARLES F. EICK
                    UNITED STATES MAGISTRATE JUDGE
```

---

[3] The Court has not considered any of Plaintiff's other challenges to the Administration's decision, except insofar as to determine that reversal would not be appropriate.